UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MACE, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-05840-MEJ<br><br>**ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 80 |

## INTRODUCTION

Defendant Ocwen Loan Servicing, LLC moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Mot., Dkt. No. 80. Plaintiffs Larry and Sharon Mace oppose the Motion. Opp'n, Dkt. Nos. 83-84.[1] Ocwen filed a Reply. Dkt. No. 85. The Court previously vacated the hearing on this matter. Dkt. No. 87. Having considered the parties' argument, the relevant legal authority, and the record in this case, the Court **GRANTS** the Motion.

## BACKGROUND

**A. Factual History**

Plaintiffs, as trustees of the Larry Mace Family Trust, own real property located at 247 Poplar Avenue in Hayward, California (the "Property"). Compl. ¶ 1, Dkt. No. 1-2. On April 25, 2006, Plaintiffs executed a trust deed in favor of Ocwen and Defendant Western Progressive LLC, which was recorded in Alameda County, California. *Id.* ¶ 9.

On October 28, 2015, Plaintiffs applied for a loan modification with Ocwen. *Id.* ¶ 11.

---

[1] Plaintiffs twice filed their Opposition. *See* Dkt. Nos. 83-84. For purposes of this Order, citations to the Opposition refer to Docket Nos. 83 and 84.

Ocwen required more information, which Plaintiffs submitted on April 26, 2016. *Id.* Plaintiffs allege, "on information and belief," that Ocwen has not denied the loan modification. *Id.*

On April 8, 2016, Ocwen recorded a Notice of Default in Alameda County. *Id.* ¶ 10; *see id.*, Ex. A (Notice of Default). On August 25, 2016, Ocwen recorded a Notice of Trustee's Sale. *Id.* ¶ 12; *see id.*, Ex. B (Notice of Trustee's Sale). The Notice of Trustee's Sale listed a sale date of September 21, 2016. *Id.* ¶ 13 & Ex. B at 1.

On September 2, 2016, Plaintiffs' counsel spoke with Ocwen's Escalation Manager, who was unable to address counsel's allegation that Plaintiffs' loan modification application was still pending. *Id.* ¶ 13. The Escalation Manager also represented that, contrary to the Notice of Trustee's Sale, the sale was scheduled for September 13, 2016. *Id.* The Escalation Manager further stated that the sale would be postponed if Plaintiffs submitted an updated application via facsimile. *Id.* Plaintiffs did so on September 9, 2016. *Id.*; *see id.*, Ex. C (facsimile cover sheet).

**B.     Procedural History**

On September 14, 2016, Plaintiffs initiated this litigation in Alameda County Superior Court, naming as defendants Ocwen and Western Progressive. *Id.* ¶¶ 2-3. They assert two causes of action: (1) "Declaratory Relief" pursuant to California's Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code § 2920 et. seq.; and (2) "Injunction" from selling the Property. *Id.*

On September 20, 2016, the state court granted Plaintiffs' ex parte application for a temporary restraining order ("TRO") and enjoined Defendants from conducting the foreclosure sale until September 29, 2016 or, if Plaintiffs filed a motion for a preliminary injunction, until the court issued an order on such motion. Dkt. No. 1-7 (state court order granting TRO). On September 27, 2016, Plaintiffs filed a motion for a preliminary injunction. Dkt. No. 1-9 (motion for preliminary injunction). Defendants were served with the Complaint on September 28, 2016 and removed the case to this court on October 11, 2016. Notice of Removal ¶ 2, Dkt. No. 1. Ocwen filed an Answer on October 13, 2016. Dkt. No. 7.

Ocwen filed a motion for judgment on the pleadings (Dkt. No. 14), and Plaintiffs filed a motion for preliminary injunction (Dkt. No. 27). The Honorable Claudia Wilken denied Ocwen's motion and granted Plaintiffs' motion. Dkt. No. 38. Ocwen moved for judgment on the pleadings

2

on the grounds that Plaintiffs failed to allege they submitted a "complete" loan modification application, failed to allege a "material" violation of California Civil Code section 2924.12(a), and failed to allege they are legally entitled to a loan modification. *Id.* at 5-7. Judge Wilken rejected each argument, finding the Complaint sufficiently alleged each ground. *Id.*

Judge Wilken also enjoined Defendants from foreclosing on the Property; however, the preliminary injunction was conditioned upon Plaintiffs making monthly payments of $2,500 to Defendants. *Id.* at 10-11.

On May 16, 2017, Judge Wilken denied Ocwen's motion for summary judgment. Dkt. No. 61. Judge Wilken found Plaintiffs identified sufficient evidence to "raise[] a genuine issue of material fact supporting their claim that their application was complete before Ocwen recorded the notice of trustee's sale on August 25, 2016." *Id.* at 10-11; *id.* at 9 (citing Cal. Civ. Code § 2923.6(c) (2013) ("If a borrower submits a complete application for a first lien loan modification . . ., a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."))[2] Judge Wilken also rejected Ocwen's arguments that any HBOR violation was not material, as Ocwen failed to show that its denial letters complied with California Civil Code section 2923.6(f) and because Plaintiffs' entitlement to a loan modification was irrelevant to their HBOR claims. *Id.* at 11-12.

The case was reassigned to the undersigned on July 19, 2017. Dkt. No. 73. Ocwen filed the instant Motion on December 7, 2017.[3]

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly

---

[2] Section 2923.6 was updated on January 1, 2018. Judge Wilken's citations to this statute refer to prior version, which was in effect at the time Plaintiffs filed their Complaint and Judge Wilken issued her Orders.

[3] Western Progressive did not join the Motion. On October 5, 2016, Western Progressive filed a Declaration of Nonmonetary Status, in which it "agree[d] to be bound by whatever non-monetary order or judgment is issued by the Court regarding the Deed of Trust." Dkt. No. 1-12 ¶ 3.

1  granted when there is no issue of material fact in dispute, and the moving party is entitled to
2  judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

3  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Courts analyzing a Rule 12(c) motion must "accept the factual allegations in the complaint as true, and view them in a light most favorable to the plaintiff." *LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1236 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1448 (2016). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

"Where a court grants . . . a motion for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013).

### REQUEST FOR JUDICIAL NOTICE

Before turning to the parties' substantive arguments, the Court first considers Ocwen's request for judicial notice ("RJN"). RJN, Dkt. No. 81.

Federal Rule of Evidence 201(b) permits courts to "judicially notice a fact that is not

subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (taking judicial notice of recorded deed of trust, recorded assignments of deed of trust, recorded notice of default, and recorded notice of trustee's sale). But while courts may take judicial notice of undisputed matters of public record, they may not judicially notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

Ocwen requests the Court take judicial notice of the following documents:

1. Deed of Trust recorded in the Official Records of Alameda County, California, on May 5, 2006, as instrument number 2006181413 (RJN, Ex. 1);
2. Corporate Assignment of Deed of Trust recorded in the Official Records of Alameda County, California, on March 13, 2009, as instrument number 2009074932 (RJN, Ex. 2);
3. Assignment of Deed of Trust recorded in the Official Records of Alameda County, California, on December 7, 2010, as instrument number 2010359699 (RJN, Ex. 3);
4. Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records of Alameda County, California on April 8, 2016, as instrument number 2016090029 (RJN, Ex. 4).
5. Notice of Trustee's Sale recorded in the Official Records of Alameda County, California on August 25, 2016, as instrument number 2016215885 (RJN, Ex. 5);
6. Notice of Rescission of Notice of Default recorded in the Official Records of Alameda County, California on November 22, 2017, as instrument number 2017258349 (RJN, Ex. 6).

Plaintiffs do not object to Ocwen's RJN or question the authenticity of these documents. *See* Opp'n. As these documents are matters of public record not subject to reasonable dispute, the Court GRANTS Ocwen's RJN and takes judicial notice of them.

**DISCUSSION**

**A. Motion for Judgment on the Pleadings**

On November 16, 2017, Western Progressive filed a Notice of Rescission of Notice of Default. Mot. at 5; *see* RJN, Ex. 6 (Notice of Rescission). Ocwen argues the Notice of Rescission "correct[s] and remed[ies]" Plaintiffs' section 2923.6 claim and "there is no need for an injunction to remain in place." Mot. at 5.

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case[.]" *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Because the Notice of Rescission remedies the violation Plaintiffs sought to litigate – the allegedly wrongful foreclosure proceedings – there is no case or controversy for the Court to decide. *See Pearson v. Green Tree Servicing, LLC*, 2014 WL 6657506, at *3 (N.D. Cal. Nov. 21, 2014) ("Having remedied the very violation that the complaint sought to cure—rescission of the Notice of Default—there is no remaining case or controversy for the Court to adjudicate based on present circumstances, so dismissal is proper."); *Diamos v. Specialized Loan Servicing LLC*, 2014 WL 3362259, at *5 (N.D. Cal. July 7, 2014) ("[B]y rescinding the . . . notice of default, [the defendant] is currently free of liability stemming from recording that notice of default."). Dismissal is therefore appropriate.

Dismissal is also proper pursuant to HBOR's safe harbor provision, which provides that "[a] mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of the trustee's deed upon sale." Cal. Civ. Code § 2924.12(c). Where, as here, a court has issued an injunction, "[a]n enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied." Cal. Civ. Code § 2924.12(a)(2). The Notice of Rescission corrects and remedies the alleged violation.

Indeed, Plaintiffs do not dispute Ocwen's contention that the Notice of Rescission moots their claims. Plaintiffs instead argue "[t]he question . . . is one of fairness" and the Motion should be denied because Ocwen's "games . . . run counter to the whole idea of [HBOR]." Opp'n at 3-4;

*see id.* ("OCWEN has taken every action imaginable to make life difficult for the MACES both in this proceeding and at home" and "continually noticed the home for sale despite the injunction resulting in harassing conduct by third parties ready to swallow up the home at a foreclosure sale."). This is unpersuasive. Plaintiffs' Complaint does not include allegations that Ocwen or a third party noticed a foreclosure sale other than the one scheduled for September 21, 2016, which the state court enjoined. *See* Compl.; Dkt. No. 1-7. Plaintiffs' assertion in their Opposition that Ocwen "continually noticed the home for sale despite the injunction" is not supported by any evidence in the record. Nothing in the record indicates a foreclosure sale was scheduled after the state court enjoined the September 21, 2016 sale or after Judge Wilken enjoined foreclosure proceedings on December 29, 2016. Plaintiffs do not identify who noticed the ostensible foreclosure sale, identify when such sale was to take place, or otherwise offer evidence that a notice of foreclosure sale was recorded despite the injunctions.

Plaintiffs also cite no authority for their proposition that the case should proceed absent a live case or controversy in the interests of "fairness." To the extent Plaintiffs argue Ocwen's "harassing conduct" is actionable, the Complaint contains no allegations of harassment, and they fail to offer facts indicating such conduct took place after they initiated this action. Moreover, Plaintiffs' argument that Ocwen's actions are contrary to HBOR's purposes ignores HBOR's safe harbor provisions allowing a mortgage servicer to correct and remedy a section 2924.6 violation. *See* Cal. Civ. Code § 2924.12(a)(2), (c).

Accordingly, the Court GRANTS Ocwen's Motion for Judgment on the Pleadings. As Plaintiffs' claims are now moot, leave to amend would be futile. The Court therefore DISMISSES the Complaint in its entirety without leave to amend.

**B.    Attorneys' Fees**

Plaintiffs request they be allowed an opportunity to file a motion for attorneys' fees. Opp'n at 4-5. HBOR provides that "[a] court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section." Cal. Civ. Code § 2924.12(h). A "prevailing borrower" is one who "obtained injunctive relief or was awarded damages pursuant to this section." *Id.*

While the Court declines to consider at this time whether Plaintiffs are prevailing borrowers in light of this dismissal, nothing in this order precludes Plaintiffs from seeking attorneys' fees at a later date. *See, e.g.*, *Pearson*, 2014 WL 6657506, at *3-4 (dismissing HBOR claims on mootness grounds but allowing plaintiffs to file motion for attorneys' fees).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ocwen's Motion for Judgment on the Pleadings and **DISMISSES** the Complaint. Plaintiffs may file a motion for attorneys' fees no later than February 8, 2018.

**IT IS SO ORDERED.**

Dated: January 11, 2018

MARIA-ELENA JAMES
United States Magistrate Judge